IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARK KNOX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:22-CV-372-WKW-KFP |
| | ) | |
| KAREN O'NEAL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Upon review of the Amended Complaint (Doc. 12),[1] the undersigned RECOMMENDS that this case be dismissed without prejudice for lack of subject matter jurisdiction.

Federal district courts are courts of limited jurisdiction and are authorized by the United States Constitution or by statute to hear only certain types of actions. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2012). District courts have subject matter jurisdiction in two types of cases. *Exxon Mobil Corp.*, 545 U.S. at 552. The first is the federal question case. Under 28 U.S.C. § 1331, district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." A claim "arises under" federal law so long as "a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Hill v. Bellsouth Telecomm., Inc.*, 364 F.3d 1308, 1314 (11th Cir. 2004) (citing *Smith v. GTE Corp.*, 236 F.3d 1292, 1310 (11th Cir.

---

[1] The Court previously entered an Order (Doc. 11) granting Plaintiff's Motion to Amend Complaint (Doc. 6) and directing the Clerk to docket Plaintiff's Amended Complaint. Thus, the operative pleading before the Court is Plaintiff's Amended Complaint (Doc. 12).

2001)). The second is the diversity case. Under 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000.

Federal courts are obligated to inquire into subject matter jurisdiction *sua sponte* "at the earliest possible stage in the proceedings." *Univ. of S. Ala. v. Am. Tobacco Co.,* 168 F.3d 405, 410 (11th Cir. 1999). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). Rule 12(h)(3) of the Federal Rules of Civil Procedure requires dismissal if a court at any time determines that it lacks subject matter jurisdiction.

Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and are to be liberally construed by the courts. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). However, courts "nevertheless have required them to conform to procedural rules." *Cornelius v. U.S. Bank Nat. Ass'n*, 452 F. App'x 863, 865 (11th Cir. 2011) (citing *Moton v. Cowart,* 631 F.3d 1337, 1341 n.2 (11th Cir. 2011) (quotation omitted)). A plaintiff must affirmatively allege facts demonstrating federal jurisdiction over his claims. *Id*. (citations and quotations omitted).

Knox's Amended Complaint names two defendants: (1) Dr. Vaishali Thudi, with a service address at UAB Health System in Birmingham and Baptist South Hospital in Montgomery, and (2) Karen O'Neal, with a service address at her employer, Medtronic, in

Case 2:22-cv-00372-WKW-KFP   Document 13   Filed 11/14/22   Page 3 of 5

Dublin, Ireland.[2] Knox asserts that on June 21, 2020, Dr. Thudi and O'Neal provided him with medical treatment that caused him to be hospitalized from June 21 through July 7. He further asserts that, while hospitalized, his appeal of an order in a separate state case was decided, a "default decision" was awarded against him, and he was prevented from finishing his appeal to the Supreme Court, thereby violating his Seventh Amendment right to a jury trial.[3] Doc. 6-1 at 2–4. He also states that Dr. Thudi and O'Neal violated the Alabama Medical Liability Act. Doc. 6-1 at 2.

While Plaintiff makes conclusory allegations that his Seventh Amendment rights were violated, the factual allegations in the Complaint do not raise questions of original federal question jurisdiction that extend to civil actions arising under the Constitution, laws, or treaties of the United States, as required by 28 U.S.C. § 1331. Knox does not cite to 42 U.S.C. § 1983, but that statute provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights. *Conn v. Gabbert,* 526 U.S. 286, 290 (1999). To state a § 1983 claim, a complaint must allege (1) a violation of a constitutional right and (2) that the alleged violation was committed by a

---

[2] In his Motion to Amend Complaint, Knox stated that the purpose of the amendment was to correct "mistakes with the service address of Defendants." Doc. 6 at 1. The Amended Complaint adds an additional service address for Dr. Thudi in Birmingham but is otherwise unchanged from Knox's original Complaint.
[3] A district court may take judicial notice over public records. *Universal Express, Inc. v. U.S. S.E.C.*, 177 F. App'x 52, 53 (11th Cir. 2006); *see also Keith v. DeKalb Cnty.*, 749 F.3d 1034, 1041 n.18 (11th Cir. 2014) ("We take judicial notice of [the state's] Online Judicial System.") (*citing* Fed. R. Evid. 201). Therefore, the undersigned takes judicial notice of the documents filed in Knox's state court case in Montgomery County, Alabama, bearing Case No. CV-2018-900582. *See* www.alacourt.com (last visited November 10, 2022). Although this Recommendation is not based on the merits of Knox's claims, the Court notes that the last certification of the record on appeal in the state case is dated May 20, 2020, and contains a reminder that the appellant's brief was due within 28 days of the date of the certification. Thus, it appears that Knox's appellate brief was due June 17, 2020, five days before the date on which he claims his constitutional rights were violated. He failed to file a brief, and the Alabama Supreme Court issued a deficiency notice on June 26, 2020. The case was dismissed on July 15, 2020, for lack of prosecution.

person acting under the color of state law or a private individual who conspired with a state actor. *Melton v. Abston*, 841 F.3d 1207, 1220 (11th Cir. 2016). Knox attempts to sue his doctor and another health care provider, but he makes no allegations that these individuals are state actors or that they conspired with a state actor to commit the acts described in the Complaint. Thus, the Complaint fails to state a claim for violation of his Seventh Amendment rights under § 1983, and federal jurisdiction cannot be based on federal question jurisdiction under 28 U.S.C. 1331.

Likewise, federal jurisdiction cannot be based on diversity of citizenship under 28 U.S.C. § 1332(a). As noted above, Plaintiff contends that Dr. Thudi and O'Neal violated the Alabama Medical Liability Act. He seeks $200,000 in damages, but he fails to allege that he and the named defendants are citizens of different states. "When jurisdiction is based on diversity of citizenship . . . the plaintiff's complaint must specifically allege each party's citizenship, and these allegations must show that the plaintiff and defendant are citizens of different states." *American Motorists Ins. Co. v. American Emp'rs. Ins. Co.*, 600 F.2d 15, 16 (5th Cir. 1979);[4] *see also Variable Annuity Life Ins. Co. v. Adel*, 197 F. App'x. 905, 906 (11th Cir. 2006). Here, the Complaint lacks allegations of diversity of citizenship and, in fact, indicates that Dr. Thudi and Karen O'Neal are both citizens of Alabama.[5] Because Knox does not allege that he is diverse from all Defendants and because the

---

[4] The Eleventh Circuit adopted as binding precedent, all decisions the former Fifth Circuit made before October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

[5] Plaintiff lists service addresses for Dr. Thudi in Montgomery and Birmingham. Doc. 6-1 at 1. He lists a service address for Karen O'Neal at her company's "legal headquarters" in Dublin, Ireland, but there is no allegation that O'Neal lives in Ireland, as she worked in Montgomery, Alabama. *Id*. at 2. Further, the Amended Complaint repeatedly references Exhibit JYJ of the original Complaint, which indicates that O'Neal lives in Alabama. *See* Doc. 1-1 at 12.

Amended Complaint indicates that Defendants are residents of Alabama, Knox has failed to establish subject matter jurisdiction under 28 U.S.C. § 1332.

Accordingly, the undersigned RECOMMENDS that this case be dismissed without prejudice for lack of lack of subject matter jurisdiction.

Further, it is ORDERED that on or before **November 28, 2022**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 14th day of November, 2022.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE